NO. 07-06-0341-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 22, 2007
_____

GWENDOLYN  PEVEHOUSE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B3040-0510; HON. ED SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The probation of Gwendolyn Pevehouse was revoked, and she was sentenced to serve two years in the state jail for theft.  Although she pled true to the allegations that she had violated the terms and conditions of her probation, she contends on appeal that the trial court should have *sua sponte* conducted a hearing to determine her competency at the time of the revocation hearing.  We affirm the judgment.

A person is incompetent to stand trial if she does not have sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against her. TEX. CODE CRIM. PROC. ANN. art. 46B.003 (Vernon 2006). If evidence suggesting the defendant may be incompetent comes to the attention of the trial court, it must determine, *sua sponte*, by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(c). A competency hearing is not required, however, unless the evidence is sufficient to create a bona fide doubt in the mind of the judge whether the defendant is legally competent. *Moore v. State,* 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). And, we review that trial court's decision not to conduct such a hearing under the standard of abused discretion. *Id.*

At the time that appellant pled true to the revocation allegations, she revealed in response to questioning from the trial court that she had suffered a nervous breakdown three or four months earlier and had been placed on medication. So too did she disclose that while the medication originally taken several months earlier purportedly left her "messed up in the head," that currently ingested did not interfere with her ability to understand the nature and consequences of the proceedings. Appellant also stated that she was able to understand what her attorney had explained to her, answer his questions, and ask questions of her own. The numerous answers she gave from the witness stand to both the questions propounded by her counsel and the trial court during the evidentiary

2

hearing were also lucid and responsive to the questions asked.  Appellant's counsel also represented that he believed her competent.

Prior hospitalizations and treatment or evidence of mental impairment alone does not raise a *bona fide* question regarding one's competency to stand trial.  *Moore v. State,* 999 S.W.2d at 395.  There must generally be evidence of recent severe mental illness, bizarre acts, or moderate retardation.  *Id.*  This is especially true when the defendant is taking medication to control her mental condition as appellant was here.  *Scott v. State,* No. 07-01-0484-CR, 2002 Tex. App. LEXIS 4868 at *4 (Tex. App.–Amarillo July 3, 2002, pet. ref'd ) (not designated for publication).  Further, nothing in the record indicates appellant's current medication affected her ability to comprehend the proceeding in which she was involved, communicate with counsel, or assist in her defense.  Thus, we conclude that the trial court did not abuse its discretion in foregoing any further inquiry into her competency to stand trial and overrule the issue.

The judgment of the trial court is affirmed.


Per Curiam

Do not publish.